IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANICE KNIGHT, as Administratrix of the Estate of Charles Knight, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:09-cv-1148-MEF |
| RONALD CHARLES PUGH, *et al.*, | ) ) | (WO—Do Not Publish) |
| Defendants. | ) ) | |

# MEMORANDUM OPINION AND ORDER

This cause is before the Court on two motions: (1) Taiwan Truitt and the City of Dothan's Motion to Dismiss (Doc. # 16), filed on January 22, 2010; and (2) Jimmy Culbreath and the City of Ozark's Motion to Dismiss (Doc. # 21), filed on February 5, 2010. For the following reasons, the motions will be granted in part and denied as moot in part.

On December 18, 2009, the plaintiff, acting as the administrator of Charles Knight's estate, filed this lawsuit against the defendants. Count I of the complaint, brought via 42 U.S.C. § 1983, alleges that the defendants violated Charles Knight's constitutional rights. Counts II, III, IV, and V allege that the defendants committed various state-law torts.

In their motion to dismiss, Taiwan Truitt and the City of Dothan challenge the adequacy of the complaint, arguing that it is pleaded in a "shotgun" fashion. The Court agrees. In particular, Count I does not distinguish between defendants, and as a result, it

is marked by a number of legal inconsistencies.  For example, Count I purports to bring:

- archetypal municipal-liability claims against the individual defendants;

- archetypal individual-liability claims against the municipal defendants;

- Section 1983 claims against one defendant, Ronald Charles Pugh, who, according to the facts contained in the complaint, is not a state actor; and

- claims against several unnamed defendants, even though fictitious-party practice is not allowed in federal court.  *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

Count I is an unintelligible jumble of federal claims, and it needs substantial revision.

Therefore, the plaintiff must file an amended complaint.  Specifically: the plaintiff must split Count I into multiple counts, one for each claim against each defendant.  For example, if the plaintiff intends to bring a Fourth Amendment excessive-force claim and a Fourteenth Amendment deliberate-indifference claim against two individual defendants, the plaintiff should set out these claims in four separate counts, one count for each claim against each of the defendants.  In addition, each count must identify the constitutional basis for the asserted claim and provide sufficient facts to satisfy the pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and the heightened-pleading standard in § 1983 cases.  *See Danley v. Allen*, 540 F.3d 1298, 1313–14 (11th Cir. 2008).

Although this Order goes beyond what is required by the federal rules, the Court hopes that it will cause the plaintiff to think more diligently about what claims she wishes to bring and whether those claims are viable in light of the facts contained in the

complaint–something that, given the complaint's clear deficiencies, the Court believes the plaintiff has yet to do.

Accordingly, it is hereby ORDERED as follows:

1. The plaintiff must file an amended complaint consistent with this Memorandum Opinion and Order and the Local Rules of the U.S. District Court for the Middle District of Alabama on or before June 23, 2010.

2. Taiwan Truitt and the City of Dothan's Motion to Dismiss (Doc. # 16) is GRANTED with respect to its shotgun-pleading argument and DENIED as moot in all other respects. Jimmy Culbreath and the City of Ozark's Motion to Dismiss (Doc. # 21) is DENIED as moot.

DONE this the 17th day of June, 2010.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE